IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIE B. THOMAS JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 25-cv-1692-SMY |
| | ) |
| WILLIAM BARLOCK et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Willie Thomas filed this *pro se* action against Defendants William Barlock, Kirk Brueggeman, Adam Heuser, Brandon Michel, and Derek Wolfe, claiming these police officers failed to investigate his alleged claims. Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP") (Doc. 4) now before the Court. For the following reasons, the motion is **DENIED**, and the Amended Complaint[1] is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### Background

Plaintiff makes the following relevant allegations in the Amended Complaint: On September 8, 2023, Plaintiff Willie Thomas was at Home Depot in O'Fallon, IL, to return a carpet cleaner (Doc. 13-1, p. 11). The store manager claimed the item was stolen and refused the return (*Id.*). The store manager discriminated against Plaintiff and later interfered with his attempt to

---

[1] The Court **GRANTS** Plaintiff's motion to amend complaint (Doc. 13); the motion to replace parties (Doc. 9) is denied as moot.

purchase lumber, causing him a hand injury (*Id.*). Both called 911 (*Id.*). Officer Adam Hauser responded to the scene and prepared a police report (*Id.*, p. 13).

On September 14, 2023, Thomas called O'Fallon Police Department and spoke with Sergeant Derek Wolfe regarding the assault charges he had pressed against the store manager. After learning the store manager would not be charged, Thomas went to the police station and requested the police report. Upon reviewing the report, Thomas contended the police report omitted information pertaining to his assault claims against the store manager. Thomas raised this concern to Officer Burlock, who said the alleged assault incident had "no bearing on anything" (*Id.*, p. 15). Thomas subsequently contacted Chief of Police Kirk Brueggeman to complain about the officers' conduct. The chief police stated nothing would be done (*Id.*).

Plaintiff asserts claims for the violation of freedom of speech (Count I), retaliation (Count II), failure to intervene (Count III), a *Monell* claim (Count IV), intentional infliction of emotional distress (Count V), conspiracy (Count VI), and a fourteenth amendment claim (Count VII). He seeks $500,000 in compensatory damages, $2,000,000 in punitive damages, and injunctive relief (Doc. 13-1, p. 26).

### Discussion

Under 28 U.S.C. § 1915, an indigent party may commence a federal court action without paying required costs and fees upon submission of an affidavit asserting the inability "to pay such fees or give security therefor", and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Thomas has demonstrated his indigence and inability to pay the costs of commencing his lawsuit through his motion and accompanying affidavit. However, the Court's inquiry does not end with a determination of indigency.

Section 1915(e)(2) requires careful threshold scrutiny of a Complaint filed by a plaintiff seeking to proceed IFP. The Court may dismiss a case if it determines the action is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense").

### Right to Judicial Access

In Counts I–III and Counts VI–VII, Thomas contends the defendants conspired and retaliated against him by not investigating his assault claims against the store manager, therefore preventing him from "seeking justice" and petitioning "the government for a redress of grievance" (Doc. 13-1, pp. 18–26). Liberally construed, Thomas alleges the defendants violated his right to judicial access for his alleged assault claim.

The First and Fourteenth Amendments protect the rights of individuals to seek legal redress for claims that have a reasonable basis in law and fact. *Christopher v. Harbury,* 536 U.S. 403, 414–15 (2002). Interference with the right of court access by state agents who intentionally conceal the true facts about a crime may be actionable as a deprivation of constitutional rights under § 1983.

Here, Thomas alleges Defendants would not press charges against the store manager, "making it clear that [his] attempt to seek justice was unwelcome" (Doc. 13-1, p. 19). However, Thomas has no constitutional right to a criminal investigation, or any judicially-cognizable interest in the prosecution or non-prosecution of another. *Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973); *Rossi v. City of Chicago*, 790 F.3d 729, 735 (7th Cir. 2015) (A private citizen does not have a constitutional right to have the police investigate his case at all.). And Thomas does not

allege that any defendant interfered with his ability to seek judicial remedies through a potential civil action. As such, Thomas fails to state a viable claim for denial of judicial access[2]. Because the Court dismisses the right to judicial access claim asserted in Counts I and VII, Counts II, III, and VI also fail as these claims are contingent upon the alleged constitutional violation.

### *Monell* Claim

A local government may be independently sued under § 1983 for an injury inflicted solely by its employees or agents only if it relates to the execution of the city's official policy or custom. *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 694 (1978). To successfully state a claim for municipal liability, a plaintiff must allege "(1) an express policy that would cause a constitutional deprivation if enforced; (2) a common practice that is so widespread and well settled as to constitute a custom or usage with the force of law even though it is not authorized by written law or express policy; or (3) an allegation that a person with final policy-making authority caused the constitutional injury." *Lawrence v. Kenosha Cnty.*, 391 F.3d 837, 844 (7th Cir. 2004).

*Monell* liability cannot be imposed on individual actors. And O'Fallon City Police Department does not have a separate legal existence from the City of O'Fallon. Therefore, Thomas has sued improper parties, and this claim will be dismissed *See, Harrison v. City of Chicago,* No. 05 C 2680, 2005 WL 3542576, at *2 (N.D. Ill., Dec.22, 2005) (dismissing the Chicago Police Department as a defendant in a Section 1983 action because it has no separate legal existence apart from the City of Chicago and therefore is not a stable entity under the statute); City of O'Fallon, Departments, https://www.ofallon.org/149/Departments (last visited Jan. 5, 2026) (The O'Fallon

---

[2] Thomas includes a single conclusory allegation under Count I that Defendants violated his Fourth Amendment right against unreasonable searches and seizures (Doc. 13-1, p. 18). However, the Amended Complaint contains no facts suggesting that any search or seizure occurred. Accordingly, this claim is dismissed.

Police Department is listed as one of the departments of the City of O'Fallon on its official website.).

### Intentional Infliction of Emotion Distress

Plaintiff also asserts a claim for intentional infliction of emotional distress under Illinois law. When federal claims are dismissed before trial, courts generally decline supplemental jurisdiction over state law claims. *Carr v. CIGNA Sec., Inc.,* 95 F.3d 544, 546–47 (7th Cir.1996). Retaining jurisdiction requires specific findings on "judicial economy, convenience, fairness and comity." *Wright v. Associated Ins. Co., Inc.,* 29 F.3d 1244, 1252 (7th Cir.1994). No such factors support retention of this claim. Count V will also be dismissed.

### Conclusion

For the foregoing reasons, Counts I–IV and VI–VII of the Amended Complaint (Doc. 13) are **DISMISSED with prejudice.** Count V is **DISMISSED without prejudice**. The motion to proceed *in forma pauperis* (Doc. 4) is **DENIED**. The Clerk of Court is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

**DATED:  January 7, 2026**

**STACI M. YANDLE**
**Chief U.S. District Judge**